UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RANDY BOLDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No: 4:14CV01641 HEA |
| ) | |
| SCOTT LAWRENCE, ) | |
| ) | |
| Respondent. | |

# **OPINION, MEMORANDUM AND ORDER**

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. 1] on September 22, 2014. On November 14, 2014 Respondent filed request for extension of time to file response or reply [Doc. 4], which was granted by the court on November 17, 2014. Respondent filed his Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. 7], on December 26, 2014. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has determined that there are no issues asserted that give rise to an evidentiary hearing and therefore one is not warranted. For the reasons explained below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

## Procedural Background

On February 4, 2010, Petitioner was convicted by jury of Assault First Degree and armed criminal. The Twenty-Second Circuit Court trial court, on April 9, 2010, sentenced him to concurrent terms of ten years imprisonment on the Assault First Degree offense and three years of imprisonment on the Armed Criminal Action offense to be served concurrently for a total of ten years. The Missouri Court of Appeals, Eastern District of Missouri, affirmed his convictions. Petitioner did not seek transfer to the Missouri Supreme Court. The Petitioner is currently within the custody of the Missouri Department of Corrections under the previously referenced sentences.

Petitioner filed his motion for post-conviction relief, pursuant to Rule 29.15, relative the case on July 15, 2011. Thereafter, the Missouri state trial court, Hon. John Riley, presiding, appointed the Missouri State Public Defender to represent Petitioner and a hearing was held on July 12, 2012. Thereafter, the Hon. John Riley entered findings of fact and conclusions of law denying the post-conviction relief motion of Petitioner. Plaintiff/Movant, thereafter, filed a timely notice of appeal to the Missouri Court of Appeals. The Missouri Court of Appeals denied his assertions and affirmed the post-conviction relief motion court.

Petitioner filed this Petition for Writ of Habeas Corpus against Respondent alleging that trial counsel was ineffective because he represented both Petitioner

and Petitioner's sister; direct appeal counsel was ineffective for failing to raise an issue in Instruction 14 for plain error in his direct appeal; Instruction 14 was defective because it failed to include language that would have required the jury, in deciding Bolden's guilt on Count III (as an aider), to determine whether Emily (Bolden's co-actor) was lawfully defending Bolden from multiple assailants.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may

only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

**Statute of Limitations**

Congress provides a one-year window in which a habeas applicant can file a petition for writ of habeas corpus. That window opens at the conclusion of direct review. The window closes a year later. Failure to file within that one year window requires the court to dismiss the petition for writ of habeas corpus. 28 U.S.C. §2244(d) (1) (A); *See Cross-Bey v. Gammon*, 322 F.3d 1012 (8th Cir.), *cert. denied*, 540 U.S. 971 (2003).

**Procedural Default**

A state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir.1997).

Where a prisoner has defaulted his federal claims creating an independent and adequate state procedural bar, federal habeas review of the claims is barred. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner did not raise Grounds 1, 2, or 3 in his direct appeal or appeal from the denial of post-conviction relief. These are, without question procedurally defaulted.

There are instances where a petitioner may overcome the procedural bar. These are where he may demonstrate legally sufficient cause for the default and actual prejudice resulting from it, or that the petitioner is probably actually innocent. *Coleman*, 501 U.S. at 750. A petitioner must show that an "external" impediment prevented him from presenting his claim to the state court in a procedurally proper manner in order to satisfy the "cause" requirement. *Id*. at 753. Petitioner here asserts that ineffective assistance of trial counsel is cause for his failure to exhaust his claims in state court. Ineffective assistance of trial counsel does not explain, or serve to legally excuse in any fashion, why he failed to raise his claims on his direct appeal or post-conviction proceedings. He is still in procedural default.

## Discussion

Petitioner was convicted of Assault First Degree and armed criminal action on February 4, 2010. The Twenty-Second Circuit Court for the City of St. Louis sentenced Petitioner to concurrent terms of imprisonment of ten years and three

year. His convictions were affirmed by the Court of Appeals for the Eastern District of Missouri. He did not seek a hearing in the Missouri Supreme Court. He subsequently filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rules and was granted a hearing which resulted in the denial of his Rule 29.15 motion. Petitioner filed a timely notice of appeal to the Missouri Court of Appeals. The Missouri appellate court considered his assertions and denied his appeal. Petitioner then timely filed his Writ of Habeas Corpus action in this court. *Id*.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) proscribes "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 132 S.Ct. 2148 (2012) (citing *Renico* v. *Lett*, 130 S.Ct. 1855, 1866 (2010)). AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in

> custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C §2254(d).

In Ground 2 of the petition he asserts that trial counsel was ineffective for failing to correct Jury Instruction No. 14. Petitioner argues that Instruction 14 was defective because it failed to include language that would have required the jury, in deciding his guilt on Count III (as an aider), to determine whether his sister (Petitioner's co-actor) was lawfully defending him from multiple assailants. The Missouri courts denied this claim finding that he failed to demonstrate that he was prejudiced.

The Missouri appellate court, upon review, concluded Petitioner's due process rights were not violated by the instruction error. After considerable and well-reasoned discussion of the nature and focus of the instruction, that court concluded "[m]ovant cannot establish that the instruction confused or misled the jury such that Movant was substantially deprived of the right to a fair trial." *Bolden,* 423 S.W.3d at 812.

The court considered his ineffective assistance of counsel claim. The court correctly observed that his claim was governed by the two-part test required by *Strickland,* and found Petitioner failed to demonstrate that he was prejudiced. Referencing the record available for the review, the appellate court noted,

> Even if, under these circumstances where Movant failed to challenge the alleged instructional error on direct appeal, a substantial likelihood of a different outcome at trial were sufficient to entitle Movant to a new trial, Movant did not demonstrate that the

> outcome of the trial would have been different had
> counsel proffered a properly worded defense-of another
> instruction…
> …Based on the above, defense counsel's errors
> here do not so undermine this court's confidence in the
> outcome of the trial that there is a reasonable probability
> that, but for counsel's errors, the result of the proceeding
> would have been different.

*Bolden,* 423 S.W.3d at 812–15. The determination of this claim is reasonable and entitled to deference under §2254(d). *See United States v. Scott,* 218 F.3d 835 (8th Cir. 2000) (defendant failed to show prejudice due to counsel's failure to request instruction because there was no reasonable probability that the jurors would have decided differently if they had been instructed as requested by defendant).

Petitioner alleges in his other claims that his direct appeal counsel rendered ineffective assistance for failing to raise the error in Instruction 14 for plain error review in his direct appeal (ground three) and that his trial counsel was ineffective because he represented both him and his sister, Emily Bolden, the co-defendant which caused a conflict of interest. He raised these claims in his amended post-conviction motion, but they were not raised in his post-conviction appeal. The failure to prosecute these claims in his post-conviction appeal has resulted in a procedural default them. *See Lowe-Bey v. Groose*, 28 F.3d 816, 818 (8th Cir. 1994); *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994); *Sweet v. Delo*, 125 F.3d 144, 149 (8th Cir. 1996); *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005);

*see also Arnold v. Dormire,* 675 F.3d 1082, 1087 (8th Cir. 2012) (failure to raise claim in appeal from denial of post-conviction motion is a bar that cannot be overcome by cause and prejudice).

Petitioner does not allege any external factors which impeded his efforts to comply with state procedural requirements. *Coleman*, 501 U.S. at 750-52. Petitioner does not assert actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995)("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to stablish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

Petitioner also claims that his direct appeal counsel (who was also his trial counsel) was ineffective for failing to raise a claim that the trial court plainly erred in submitting Instruction 14. The motion court denied this claim. Petitioner failed to demonstrate that he was prejudiced by direct appeal's counsel's failure to assert this claim for plain error review. The decision of the court was reasonable application of law and he has likewise failed to demonstrate how the result is without confidence.

Petitioner claims trial counsel was ineffective because trial counsel also represented Bolden's co-defendant, his sister Emily. The record is devoid of any showing of actual conflict though. "Multiple representation does not violate the

Sixth Amendment unless it gives rise to a conflict of interest." *Cuyler v. Sullivan,* 446 U.S. 335, 348 (1980). "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Id.* "An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." *Mickens v. Taylor,* 535 U.S. 162, 172 n. 5 (2002). One raising such a claim must (1) identify a plausible alternative defense strategy that defense counsel might have pursued (2) show that the alternative strategy was objectively reasonable under the facts of the case; and (3) establish that the defense counsel's failure to pursue that strategy or tactic was linked to an actual conflict. *Winfield*, 460 F.3d at 1039 (citations omitted). Every aspect of the record supports the lack of existence of an actual conflict and at the Rule 29.15 hearing, trial counsel identified the basis for representing both Petitioner and his sister and concluded, in effect, it was in their best interest to be represented in that fashion. "An 'attorney representing two defendants in a criminal matter is in the best position professionally and ethically to determine when a conflict of interest exists or will probably develop in the course of a trial. *Holloway v. Arkansas,* 435 U.S. 475, 483-84 (1978).

## Conclusion

The state courts' rulings with respect to Petitioner's prayer for relief were neither contrary to, nor unreasonable applications of, clearly established federal law. Thus, Petitioner is not entitled to any relief.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural

default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786. Hence, no certificate of appealability will be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **denied.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 18th day of August, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE